Judge Buckner,
delivered the opinion of the Court.
This was an action of assumpsit, prosecuted in the circuit Court, by Throckmorton against Greathouse. The declaration contains two counts — 1st for money lent; 2d for money paid, laid out, and expended, by the defendant in error, for Greathouse, at his instance and request.
The cause was tried upon the general issue; and upon a verdict rendered in favor of Throckmorton, for one hundred and fifty dollars, a judgment was entered; to reverse which, Greathouse prosecutes this writ of error.
One witness only was examined, who proved in substance, that He had opened a faro bank at the house *17 of Throckmorton, and won of Greathouse the sum of one hundred and thirty dollars, who left the place without paying him; but a few days after-wards returned, and informed him that he had spoken to Throckmorton to pay it for him, andenquired of witness whether he was willing to take him for the amount, and discharge him, (Greathouse.) The witness consented, and they spoke to Throckmorton on the subject, who agreed to the arrangement; and the plaintiff in error was thereupon discharged from the debt. The defendant, in error, had not been engaged in the game, when the witness won the money from Greathouse; but was present during a part of the time that the parties engaged were gambling; and urged the plaintiff in error, to cease, and eventually succeeded in putting a stop to it.
The witness owed Throckmorton, who was a tavern-keeper, $20 for board, and $130 for money won at a time, different from that at which the money had been won by the plaintiff in error; and in that way the $150 which Throckmorton had assumed to pay for Greathouse, was adjusted, to the satisfaction of the witness, who stated that he considered the payment made to him, in the manner stated, equal to money, because he owed that sum to Throckmorton — no part of which had been won in the presence of Greathouse; and that he would have paid in money, every cent of the bill for hoard» and the $130 won from him, had it not been adjusted in the manner stated.
Upon the close of the testimony, a motion was made to instruct the jury, as in case of nonsuit, which the court overruled.
The plaintiff in error, also moved the court, to instruct the jury, “that if they believed from the “.testimony, that one hundred and thirty dollars of “the debt, due from Greathouse to Smedley, (who “was the witness,) had been arranged and settled,
“by a debt due from Smedley to Throckmorton for “gaming, theplnintiff could not recover that amount “in this action;” but the motion was overruled, and to the opinions of the court, on both points, exceptions were taken, and their correctness is now questioned by the errors assigned.
Assumpsit for money paid &c. only inaintainable iuw!*'500”' Money, not property, and is supported pays^^debt <lue by de’ft. to plaintiff’s oanoelment -of both debts, without the inoney^actuandrepassing.
For the plaintiff in error, it has been insisted that, under neither of the counts in the declaration, could a recovery be legally effected, as there was no money actually lent or advanced. Various authorities have be.en cited in argument, none of which are sufficient to maintain the position assumed. The doctrine that indebilatns assumpsit is in the nature of debt, and must be supported by a monied consideration, cannot be reasonably doubted. The case cited proves that; but nothing more. In the case of Lucket vs. Bohannon, III Bibb 378, which {¡as |jeen confidently relied upon by the counsel of Greathouse, this court said: “It is clear that an ac“tion for money had and received, or for money “laid out and expended, cannot be maintained where “n0 money has been received or paid; but imme“diately afterwards it is added, “and in this case, the “evidence proves property and not money was re(tceivej by Lucket.” In the present case, no part of the consideration was property.
Had the money been advanced by Throckmorton to Greathouse, and by him paid to Smedley, and by the latter returned to Throckmorton, no difficulty on this point could have suggested itself. It would certainly have been an idle ceremony to have thus handed the money, from hand to hand, under an agreement-between all the parties concerned, that it should be immediately returned to the pocket of the individual, from whom it started. The case of Beardsley vs. Root, XI Johnson’s Reports 470, is considered as in point. That was an action instituted by a client against his attorney. On a sale of land, made by the officer under an execution -in favor of the client, his attorney became the purchaser, by whose directions the officer returned the execution satisfied, having first taken from him a receipt for the amount of it. The court in their opinion, said, that strictly speaking, the attorney should have paid to the sheriff the purchase money, in satisfaction of the execution; but as the officer would have been justifiable in -paying it back, it was unnecessary to go through such a ceremony; and that upon the return of the execution satisfied, by order of the attorney, and the reception by him of a deed for the -land, the amount of the execution, was in contest• *19 pJation of law, in his hands. The action in that case was for money had and received; in this, it is for money lent, laid out, and expended, &c. That however, cannot vary the principle. In neither case could the action be maintained, but upon a monied consideration; and an actual advancement of money, would iiave been as necessary in the one case as the other.
No answer- to action for money paid by plaintiff to defendant’s use, that plt’f had won the money from the person paid. The responsibility of defendant grows out of his being discharged from his debt by plaintiff, arid at his request.
We are, therefore of opinion, that the motion to instruct as in case of non-suit, was properly overruled.
As to the second instruction moved for, we are of opinion, that it was also .properly refused. Great-house was under no obligations, legal or moral, to pay the money which Smedley had won of him; but if he thought proper to do so, no one had a right to object to it. He determined to do it, and applied to Throckmorton to advance for him the money, by paying it to Smedley, or settling the demand for him. Throckmorton was-not even present when the money was won from Greathouse, except for a part of the time. He was not in anyway concerned in the game, and used his influence to prevent him from gambling; and when applied to, as a friend to pay the money for him, procured his discharge by receipting to Smedley, for $150, due by him;- — 130 was, to be sure, won at faro; but it was a matter of no consequence to Greathouse, how Throckmorton settled the debt. He had no right to object to the manner of payment. If the defendant in error had paid the money to Smedley, the latter owed it to him, and would have immediately returned it, if he is worthy of credit.
The judgment of the circuit court, must, therefore, be affirmed with costs.